United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 25, 2006**

Charles R. Fulbruge III
Clerk

REVISED JULY 31, 2006
IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

))))))))))))))))))))))))))))
No. 05-30488
))))))))))))))))))))))))))))

STATE OF LOUISIANA; SCHOOL BOARD VERMILION PARISH,

Plaintiffs–Appellants,

v.

UNION OIL COMPANY OF CALIFORNIA, also known as Unocal Exploration
Corp., also known as Union Exploration Partners,

Defendant–Appellee.

_____

Consolidated With
))))))))))))))))))))))))))))
No. 05-30489
))))))))))))))))))))))))))))

STATE OF LOUISIANA; SCHOOL BOARD VERMILION PARISH,

Plaintiffs–Appellants,

v.

CHEVRON USA INC., also known as Texas Co., also known as Texaco
Exploration and Production Inc., formerly known as Texaco Inc.,
also known as Texaco Producing Inc.; EXXONMOBIL CORP., also known
as Humble Oil & Refining Co., formerly known as Exxon Corp.; BETA
OPERATING COMPANY LLC; HILCORP ENERGY CO.,

Defendants–Appellees.

_____

Consolidated With
))))))))))))))))))))))))))))
No. 05-30492
))))))))))))))))))))))))))))

STATE OF LOUISIANA; SCHOOL BOARD VERMILION PARISH,

Plaintiffs–Appellants,

-1-

v.

EXXONMOBIL CORP., also known as Humble Oil & Refining Co., formerly known as Exxon Corp.,

        Defendant-Appellee.

---

Consolidated With
)))))))))))))))))))))))))
No. 05-30493
)))))))))))))))))))))))))

STATE OF LOUISIANA; SCHOOL BOARD VERMILION PARISH,

        Plaintiffs-Appellants,

    v.

SHELL OIL CO.; SWEPI LP, formerly known as Shell Western E&P Inc.,

        Defendants-Appellees.

---

Appeals from the United States District Court
for the Western District of Louisiana

---

Before DeMOSS, BENAVIDES, and PRADO, Circuit Judges.

EDWARD C. PRADO, Circuit Judge:

The State of Louisiana and the Vermillion Parish School Board (collectively "VPSB") brought suit against Union Oil Co. of California, Chevron USA Inc., ExxonMobil Corp., and Shell Oil Co. (collectively "Unocal") in Louisiana state court for alleged breach of contract, negligence, strict liability and trespass arising out of oil and gas exploration activities conducted by

Unocal on Section 16 lands.[1]  Unocal removed to federal court in the Western District of Louisiana based on diversity jurisdiction under 28 U.S.C. § 1332.  The VPSB filed motions to remand, arguing that diversity jurisdiction does not exist because the State is a plaintiff.  The district court denied the motions to remand because it concluded that the State is a nominal party with no real interest in the controversy.

The district judge certified its order denying remand for interlocutory appeal.  The controlling question of law, as stated by the district court, is: "Is the State of Louisiana a real party in interest for purposes of determining diversity removal jurisdiction in a suit for damages to Sixteenth Section school lands filed in the name of the State pursuant to the authority granted to Louisiana School Boards in Louisiana Revised Statutes 41:961 through 965?"

"This court's jurisdiction derives from the district court's certification of its interlocutory order denying the motion to remand as suitable for appeal under 28 U.S.C. § 1292(b). . . . A district court's denial of a motion to remand is reviewed *de novo*." *Ard v. Transcon. Gas Pipe Line Corp.*, 138 F.3d 596, 600

---

[1] In Louisiana, "Section 16 lands are public lands consisting of the sixteenth sections of various townships that parish school boards are entitled to use to support education." *Terrebonne Parish Sch. Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 873 (5th Cir. 2002).  In other words, the townships allow oil companies to conduct exploration activities on section 16 lands, the revenues from which support schools.

-3-

(5th Cir. 1998).

> The District Courts have original jurisdiction of controversies between citizens of different states; and when in any suit brought in a state court, there is a controversy, which is wholly between citizens of different states, and which can be fully determined as between them, a defendant interested in such controversy may remove the suit to the proper District Court of the United States. . . . Jurisdiction cannot be defeated by joining formal or unnecessary parties.

*Salem Trust Co. v. Mfrs.' Fin. Co.*, 264 U.S. 182, 189 (1924)(internal citations omitted).

Ordinarily "[i]n an action where a state is a party, there can be no federal jurisdiction on the basis of diversity of citizenship because a state is not a citizen for purposes of diversity jurisdiction." *Texas Dep't of Hous. & Cmty. Affairs v. Verex Assurance, Inc.*, 68 F.3d 922, 926 (5th Cir. 1995). However, if the State is a nominal party with no real interest in the dispute, its citizenship may be disregarded. *See Wolff v. Wolff*, 768 F.2d 642, 645 (5th Cir. 1985) ("In determining diversity jurisdiction, the citizenship of the real parties in interest is determinative, and the citizenship of nominal or formal parties who have no real interest in the dispute before the court may be disregarded, even though they may be required by law or court order to join in the lawsuit."); *see also Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980) ("Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the

-4-

controversy.").

"Whether a party is [formal or] 'nominal' for removal purposes depends on whether, in the absence of the [party], the Court can enter a final judgment consistent with equity and good conscience, which would not be in any way unfair or inequitable. . . ." *Acosta v. Master Maint. & Constr. Inc.*, -- F.3d --, 2006 WL 1549959, at *4 (5th Cir. 2006)(internal quotations omitted). An alternate articulation of the test is whether or not a named party's "role in the law suit is that of a depositary or stakeholder." *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349, Int'l Printing Pressmen & Assistants' Union of N. Am.*, 427 F.2d 325, 327 (5th Cir. 1970)(internal quotations omitted). We take practical considerations into account in making this determination. *See Shaughnessy v. Pedreiro*, 349 U.S. 48, 54 (1955)("Our former cases have established a policy under which indispensability of parties is determined on practical considerations."); *Stonybrook Tenants Ass'n v. Alpert*, 194 F.Supp. 552, 557 (D. Conn. 1961)("Determination of whether a party is necessary or indispensable for jurisdictional purposes is to be made 'on practical considerations.'")(quoting *Shaughnessy*, 349 U.S. at 54).

We conclude that the State of Louisiana is a real party in interest in this suit, the presence of which defeats diversity

-5-

jurisdiction.  The State owns the land, s*ee Terrebonne Parish*, 310 F.3d at 873, and the Vermillion Parish School Board brings its trespass claims on the State's behalf.  LA. REV. STAT. ANN. § 41:961 ("The school boards of the various parishes of the state may contract with and employ *on the part of the State of Louisiana*, attorneys at law, *to recover for the state*, damages for trespass to the sixteenth section known as school lands the title to which is still in the state.")(emphasis added).  Because the State is the fee title owner of the Section 16 lands involved in this law suit, the State has more than a "nominal" interest in property it owns.  *See generally*, *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 354 (5th Cir. 2004) (stating that landowners are indispensable or necessary parties in a suit to condemn real property).

Not only does Louisiana own the land, it has a continuing obligation to ensure that any monies the Vermillion Parish School Board may obtain as a result of the suit are used for school purposes.  *See* LA. REV. STAT. ANN. § 41:965.

> The history of the sixteenth section lands reveals that the Federal Government set aside and dedicated them for the use of public education, and it was not until many years after this State [of Louisiana] was admitted into the Union that the title to the lands was finally determined.  If it be conceded that the title to these sixteenth sections is in the State, there is a moral, if not a clear legal obligation, resting upon the State to dedicate the revenues derived from such lands to public education.

*State v. Humble Oil & Ref. Co.*, 197 So. 140, 143 (La. 1940). The State of Louisiana is a real party in interest to this suit, not a mere depositary, due to its ongoing "moral obligation."

The order of the district court is REVERSED and REMANDED to the district court with instructions to remand the entire case to state court.