IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 13, 2008

Charles R. Fulbruge III
Clerk

No. 07-30875
Summary Calendar

LOUIS J BRADFORD

Plaintiff-Appellant

V.

CELLXION LLC

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:06-CV-1147

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Appellant Louis Bradford ("Bradford") began work for Appellee Cellxion, LLC ("Cellxion") in May 2003 as a carpentry employee. On September 16, 2004, Bradford suffered a heart attack that required a brief hospitalization and several weeks of recovery time. After exhausting leave available under the Family and Medical Leave Act ("FMLA"), Bradford attempted to return to work in December 2004, but his doctor's note did not clear him for work until Bradford's next

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

medical appointment in February 2005. Cellxion officials offered Bradford an additional thirty days of leave for him to return to his doctor and attempt to obtain a work release. Bradford, however, rejected the offer. Cellxion then terminated Bradford's employment on December 9, 2004.

Bradford filed a charge of discrimination with the EEOC, alleging discrimination on the basis of disability (coronary artery disease). After receiving a right-to-sue letter from the EEOC, Bradford–acting pro se–filed the present suit, alleging that he was denied a reasonable accommodation in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.

Bradford and Cellxion thereafter filed cross-motions for summary judgment. The district court denied Bradford's motion for summary judgment and granted Cellxion's motion for summary judgment. The district court found that Bradford had failed to produce any evidence to demonstrate that he was a qualified individual under the ADA. Specifically, the district court found that Bradford's impairment did not substantially limit any major life activity for more than the ordinary recuperation time,[1] and, therefore, Bradford's claim failed because he was not "disabled" under the ADA. Bradford now appeals.[2]

Bradford, however, wholly fails to argue how the district court's determination that he is not "disabled" under the ADA is erroneous. Bradford does not make legal arguments but only conclusory assertions that he produced

---

[1] The ADA defines disability as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(2)(A). Furthermore, "[t]he impairment's impact must . . . be permanent or long term." Toyota Motor Mfg., Ky., Inc. v. Williams, 534 U.S. 184, 198 (2002). The district court found that within several weeks or a few months after his heart attack, Bradford was able to participate in major life activities such as completing household chores, working as a busboy at a restaurant, driving, fishing, and hunting.

[2] The district court also granted Cellxion summary judgment on its counterclaim for money it loaned to Bradford. Bradford does not appeal this ruling.

sufficient evidence creating a genuine issue of material fact and that the district court erred. Federal Rule of Appellate Procedure 28(a)(4) requires that "appellant's argument contain the reasons he deserves the requested relief with citation to the authorities, statutes and parts of the record relied on." Weaver v. Puckett, 896 F.2d 126, 128 (5th Cir. 1990) (internal quotations omitted) (emphasis added). "Although we liberally construe briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel, pro se parties must still brief the issues and reasonably comply with the standards of Rule 28." Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995) (footnote omitted). Because Bradford makes no argument as to why the summary judgment evidence creates a genuine issue of fact regarding the impact of his impairment on his major life activities, Bradford has abandoned this argument.[3] See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993) (holding that issues not argued are abandoned).

Bradford does argue that he need not have an impairment that substantially limits major life activities because the ADA also protects those who are "regarded as having such an impairment." 42 U.S.C. § 12102(2)(C). Bradford, however, never claimed that Cellxion regarded him as disabled or presented this claim to the district court, and he cannot raise it now for the first time on appeal. FDIC v. Mijalis, 15 F.3d 1314, 1327 (5th Cir. 1994) ("If an argument is not raised to such a degree that the district court has an opportunity to rule on it, we will not address it on appeal.").

---

[3] The closest Bradford comes to making an actual argument is when Bradford cites evidence that his manual tasks are limited to 50 pounds. The district court, however, considered this evidence and determined that this limitation did not limit any of Bradford's major life activities. In his appeal, Bradford simply repeats this limitation but wholly fails to explain how this limitation impairs any major life activity. Such an "argument" is simply insufficient.

Furthermore, on appeal, Bradford seeks to assert claims under Title VII and the FMLA. Bradford attempted to amend his pleadings before the district court to include these claims. The district court denied Bradford's motion to amend for failure to exhaust administrative remedies–for his Title VII claim–and for failure to allege sufficient facts to state a claim–for his FMLA claim. Bradford has not appealed that ruling to this Court, and these claims are, therefore, not properly before us. Fless v. State Farm Lloyds, 392 F.3d 802, 806-07 & n.12 (5th Cir. 2004).

Finally, Bradford's convoluted reply brief asserts new arguments regarding the alleged failure of the district court to strike an unsigned admission and bad faith by Cellxion for failing to send him a copy of a filing. This Court, however, "will not consider . . . new claim[s] raised for the first time in an appellate reply brief." United States v. Prince, 868 F.2d 1379, 1386 (5th Cir. 1989).

AFFIRMED.