# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 3, 2011

No. 09-51163
Summary Calendar

Lyle W. Cayce
Clerk

HOLLI LUNDAHL, also known as Holli Telford,

Plaintiff-Appellant

v.

ALBERT HAWKINS, Commissioner for the Department of Health and Human
Services for the State of Texas; ANDREW ARNOTT, Employee of the Utah
Department of Health and Human Services; LEONORE LOPEZ, Employee of
the Utah Department of Health and Human Services; AMANDA MATRAVERS,
Employee of the Utah Department of Health and Human Services; DOES,
Employees of the Utah Department of Health and Human Services;
ACCOUNTING OFFICIAL FOR BUREAU OF PRISONS IN AUSTIN TEXAS;
UNITED STATES OF AMERICA; SONJA SORENSON,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:09-CV-588

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Holli Lundahl seeks leave to proceed in forma pauperis (IFP) in her appeal

challenging the dismissal of a civil rights lawsuit against various state

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

employees of Utah and Texas, federal employees, and the United States of America.  The district court concluded that Lundahl's complaint should be dismissed as frivolous because Lundahl failed to present an adequate factual basis for her claims and presented conclusional allegations for relief.  The district court also enjoined Lundahl from filing further lawsuits in any district in Texas against previously-sued defendants without first obtaining permission from a district judge of the Western District.  In order to proceed IFP, Lundahl must show that she is a pauper and that her appeal is taken in good faith, involving nonfrivolous issues.  *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982); 28 U.S.C. § 1915(a)(3).

In her IFP motion before this court, Lundahl asserts that the district court erred in rejecting her claims and maintains that her district court allegations were not in fact conclusional.  Her assertions before this court are themselves conclusional and do not present nonfrivolous appellate issues.  *See Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997); *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).  To the extent that Lundahl is attempting to achieve the reversal of orders arising in Utah, this court lacks jurisdiction to consider such arguments.  *See* 28 U.S.C. § 41.  Lundahl's contention that the district court judge was biased against her fails, as an adverse judicial ruling is insufficient to establish bias.  *See Liteky v. United States*, 510 U.S. 540, 555 (1994).  Although Lundahl contends that she should have been allowed to amend her complaint before its dismissal, she never requested leave to amend, and she has failed to reveal the substance of any potential amendment.

If her pleadings are liberally construed, Lundahl also arguably asserts that the district court erred in imposing the pre-filing sanction against her.  To the extent that she is arguing that the existence of meritorious claims in her complaint precludes the need for such a sanction, she is incorrect in her assertions.  To the extent that Lundahl is asserting that the district court wrongly relied on fraudulent and void sanction orders issued by the United

No. 09-51163

States Supreme Court, the Ninth and Tenth Circuit Courts of Appeal, the federal district courts of Utah and Idaho, and the Utah Supreme Court, this court lacks the authority to review the propriety of those rulings. *See* § 41. Lundahl has not established that the district court abused its discretion in imposing the pre-filing injunction. *See Newby v. Enron Corp.*, 302 F.3d 295, 301 (5th Cir. 2002). Additionally, Lundahl has not shown that the limitation of the sanction to lawsuits filed in any district court in Texas and to any lawsuit naming a previously-sued defendant is not narrowly tailored. *See Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Lundahl's appeal is without arguable merit and is thus frivolous. Accordingly, Lundahl's request for IFP status is denied, and her appeal is dismissed. *See Howard v. King*, 707 F.2d 215, 219–20 (5th Cir. 1983); 5TH CIR. R. 42.2. Additionally, Lundahl has a history of filing numerous duplicative and frivolous filings in various state and federal trial and appellate courts. As a result, Lundahl is warned that any further filing of repetitious or frivolous appeals involving defendants that have already been named in previous litigation may result in the imposition of sanctions against her. These sanctions may include dismissal, monetary sanctions, and restrictions on her ability to file pleadings in this court and any court subject to this court's jurisdiction.

IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.