State of TEXAS, Plaintiff,

v.

The VETERANS SUPPORT ORGANIZATION, Richard Vanhouten, Michelle Vanhouten, Steven Casella and Robert Cruz, Defendants.

1–14–CV–365 RP

United States District Court,
W.D. Texas, Austin Division.

Signed April 20, 2015

Corey D. Kintzer, Gloria M. Salinas, Office of the Attorney General, Austin, TX, for Plaintiff.

Michael J. Biles, Srimath Saliya Subasinghe, King And Spalding LLP, Christopher S. Johns, Yusuf Ahmad Bajwa, Johns Marrs Ellis and Hodge LLP, Austin, TX, for Defendants.

### ORDER

ROBERT L. PITMAN, UNITED STATES DISTRICT JUDGE

Before the Court are Defendants' Motion for Leave to Amend Notice of Removal, filed May 1, 2014 (Clerk's Dkt. # 4); Plaintiff's Response to Defendants' Motion for Leave to File Amended Notice of Removal, filed May 8, 2014 (Clerk's Dkt. # 5); Defendants' Reply to Plaintiff's Response to Motion for Leave to Amend Notice of Removal, filed May 13, 2014 (Clerk's Dkt. # 8); Plaintiff's Motion to Remand and Memorandum in Support of Motion to Remand, filed May 29, 2014 (Clerk's Dkt. # 9); Defendants' Response to Plaintiff's Motion to Remand, filed June 3, 2014 (Clerk's Dkt. # 10); and Plaintiff's Reply to Defendants' Response to Plaintiff's Motion to Remand, filed June 10, 2014 (Clerk's Dkt. # 11). After reviewing the parties' pleadings, relevant case law and the case file, the Court issues the following order.

### I. BACKGROUND

The Attorney General of the State of Texas originally filed this action in the 53rd Judicial District Court of Travis County, Texas "on behalf of the public interest in charity and on behalf of the State of Texas." (Plf. Orig. Pet. at 1). Plaintiff named as defendants The Veterans Support Organization ("VSO"); Richard VanHouten, individually and as CEO of VSO; Michelle VanHouten, individually and as Administrative Director of VSO; Steven Casella, individually and as Director of VSO; and Robert Cruz, individually and as Director of VSO.

VSO is a nonprofit organization whose asserted charitable purpose was to support homeless veterans and provide them housing and a work program. Plaintiff alleges VSO fell short of fulfilling that purpose in Texas. According to Plaintiff, the work program consisted of hiring individuals to solicit contributions on behalf of VSO. The housing provided consisted of subleasing space in rental units to VSO employees, often at a profit to VSO. Plaintiff also alleges the majority of donations by Texans were sent to Florida and Rhode Island, rather than used for local purposes as claimed by VSO. (*Id.* ¶ 22).

Plaintiff alleges Defendants: (1) engaged in false, misleading and deceptive acts in violation of the Texas Deceptive Trade Practices Act ("DTPA"); (2) made materially false or misleading statement of facts during solicitations that would lease a reasonable person to believe proceeds of the solicitations are being or will be used for a purpose other than the purpose for which the proceeds are actually used in violation of the Texas Occupations Code; (3) failed to fully respond to Requests to Examine issued by the Texas Attorney General; (4) violated the statutory duties imposed on a nonprofit corporation under the Texas Business Organizations Code; (5) committed a breach of fiduciary duties owed by a charitable trust under Texas law; (6) made materially false representations to the public concerning solicitation of funds for purported charitable purposes; (7) breached duties owed to the constructive trust established by accepting funds solicited by representing the funds would be used for the benefit of a charitable cause by failing to use the funds for the express purpose for which they were donated; and (8) acted negligently in the

conduct of their fiduciary duties. (*Id.* ¶¶ 41–56).

Defendants removed this action to this court on the basis of diversity of citizenship. They have now filed a motion to amend their notice of removal. Plaintiff objects to the amendment and has also filed a motion to remand this action back to Texas state court.

## II. PENDING MOTIONS

The two pending motions involve interrelated issues. Defendants seek leave to file an amended notice of removal, including additional allegations related to the capacity of Plaintiff and the real party in interest in this action. Plaintiff objects, arguing the amendment would be futile, because the amended allegations are still insufficient to establish the existence of jurisdiction by this Court over this matter. Plaintiff's motion to remand raises the same issue, that is, that there is no diversity of citizenship of the parties in this action, thus this Court lacks jurisdiction.

## III. STANDARDS OF REVIEW

■ A party is permitted to amend "[d]efective allegations of jurisdiction." 28 U.S.C. § 1653. Leave to amend is granted liberally, unless the movant has acted in bad faith or with a dilatory motive, granting the motion would cause prejudice, or the amendment would be futile. *Jebaco, Inc. v. Harrah's Operating Co.*, 587 F.3d 314, 322 (5th Cir.2009); *Whitmire v. Victus Ltd.*, 212 F.3d 885, 889 (5th Cir.2000).

■ A case may be removed to federal court if the action is one over which the federal court possesses subject matter jurisdiction. 28 U.S.C. § 1441(a). A federal court has jurisdiction over a suit between parties of diverse citizenship if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir.1998). *See also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995) (removing party bears burden of showing existence of federal jurisdiction and propriety of removal). Thus, when the propriety of removal is challenged, the burden of establishing federal jurisdiction is on the party who removed the action. *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir.2001); *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921–22 (5th Cir.1997)

## IV. DISCUSSION

■ In the original notice of removal, Defendants maintained VSO is a citizen of Rhode Island and Florida, the other defendants are citizens of Florida, and there is thus diversity between them and the State of Texas as Plaintiff. Defendants have now filed a motion for leave to amend their notice of removal. Defendants concede a state is not a citizen for purposes of diversity jurisdiction, so its joinder in an action generally acts to destroy diversity. *Louisiana v. Union Oil Co.*, 458 F.3d 364, 366 (5th Cir.2006); *Texas Dep't of Hous. & Cmty. Affairs v. Verex Assur., Inc.*, 68 F.3d 922, 926 (5th Cir.1995). *See also Tradigrain, Inc. v. Miss. State Port Auth.*, 701 F.2d 1131, 1132 (5th Cir.1983) ("It is well established that a state is not a 'citizen' for purposes of diversity jurisdiction"). However, as all parties agree, if the State is not the real party in interest, but named as a mere nominal party, its presence in the action is ignored for jurisdictional purposes. *Union Oil Co.*, 458 F.3d at 366. *See also Mississippi ex rel. Hood v. AU Optronics Corp.*, —— U.S. ——, 134 S.Ct. 736, 745, 187 L.Ed.2d 654 (2014) (noting in cases involving a State, courts inquire "into the real party in interest because a

State's presence as a party will destroy complete diversity"). The disagreement between the parties, and resolution of the pending motions, thus rests on whether Texas is the real party in interest in this case.

■ The real party in interest in a lawsuit is the person holding the substantive right sought to be enforced and not necessarily the person who will ultimately benefit from the recovery. *Farrell Constr. Co. v. Jeff. Parish,* 896 F.2d 136, 140 (5th Cir.1990). Generally speaking, a party is a real party in interest when it is "directly and personally concerned in the outcome of the litigation to the extent that his participation therein will insure 'a genuine adversary issue between the parties.'" *Louisiana ex rel. Caldwell v. Allstate Ins. Co.,* 536 F.3d 418, 428 (5th Cir.2008) (quoting *United States v. Johnson,* 319 U.S. 302, 304, 63 S.Ct. 1075, 87 L.Ed. 1413 (1943)).

■ In its original pleading, Texas asserts it is bringing this action "on behalf of the public interest in charity and on behalf of the State of Texas." (Plf. Orig. Pet. at 1). Historically, the sovereign is vested with authority to act on behalf of its citizens by bringing an action *parens patriae. See Caldwell,* 536 F.3d at 425–27 (discussing history of *parens patriae* actions brought by sovereign states on behalf of residents). In such actions, "[t]he state is the real party in interest when an action concerns a type of 'injury' that the state either has addressed or would likely attempt to address through its laws to further the 'well-being of its populace.'" *Id.* at 428 (quoting *Alfred L. Snapp & Son v. Puerto Rico, ex rel. Barez,* 458 U.S. 592, 602, 102 S.Ct. 3260, 73 L.Ed.2d 995 (1982)).

An examination of Texas law reveals Texas has enacted laws which are directed at addressing the types of injury at issue in this action on behalf of its populace. The Texas Constitution grants to the At-

torney General the power to "represent the State in all suits" and specifically directs the Attorney General to "take such action in the courts as may be proper and necessary to prevent any private corporation from exercising any power ... not authorized by law." TEX. CONST. art. IV, § 22. More specifically, the DTPA authorizes the Attorney General's Consumer Protection Division to bring lawsuits in the public interest and in the name of the State against any entity believed to be acting in violation of the DTPA. TEX. BUS. & COM. CODE ANN. § 17.47(a). Texas has also granted to the Attorney General the right to enjoin persons from violating statutes regulating solicitation for veterans organizations as well as the right to examine the records of entities operating in Texas. *See* TEX. OCC. CODE ANN. § 1804.203 (attorney general may bring action to enjoin violations of law governing solicitation for veterans organizations); TEX. BUS. ORGS. CODE ANN. § 12.151–.155 (requiring foreign filing entities to permit attorney general to examine records and directing forfeiture of right to do business in state upon refusal). Finally, the Attorney General is charged with representing the public interest in charitable trusts. *See* TEX. PROP. CODE ANN. § 123.002 ("For and on behalf of the interest of the general public of this state in charitable trusts, the attorney general is a proper party and may intervene in a proceeding involving a charitable trust"). These mandates weigh heavily in favor of finding the real party in interest in this case is the State of Texas. *See Snapp,* 458 U.S. at 607, 102 S.Ct. 3260 ("One helpful indication in determining whether an alleged injury to the health and welfare of its citizens suffices to give the State standing to sue as *parens patriae* is whether the injury is one that the State, if it could, would likely attempt to address through its sovereign lawmaking powers.")

Defendants do not disagree Plaintiff is authorized by law to seek relief in the public interest. Nonetheless, they contend in this case, Texas is not the real party in interest, but rather the citizens and residents of Texas who made charitable contributions to VSO are the real parties in interest. Defendants conclude diversity jurisdiction is thus present in this case as none of the defendants are citizens of Texas.

Plaintiff maintains this contention is flawed for two reasons. First, Plaintiff points out VSO has admitted it does not have a list of persons making charitable donations in Texas. Plaintiff thus suggests Defendants cannot carry their burden of establishing complete diversity, as they cannot prove no citizen of Florida or Rhode Island made a donation to VSO in Texas. To the degree the Attorney General has standing to bring a cause of action on behalf of persons who are temporary or permanent residents of Texas, but not citizens of Texas, Plaintiff's argument appears well founded.

Second, Plaintiff contends Defendants' position is contrary to law. Defendants argue the claims raised by Plaintiff rest on fiduciary duties and obligations allegedly owed to the individual contributors and donors, not to the State of Texas. While Defendants concede the Texas Attorney General is granted enforcement rights under the DTPA, the Occupations Code and the Business Organizations Code, they point out consumers have a right to seek damages under the DTPA. However, Plaintiff is not seeking monetary damages under the DTPA in this action. Moreover, the DTPA gives the Consumer Protection Division explicit authority to seek remedies unavailable to an individual consumer such as civil penalties and injunctive relief. TEX. BUS. & COM. CODE ANN. § 17.47(a), (c) and (d). This argument is thus unavailing.

Defendants further argue Plaintiff's claim for imposition of a constructive trust requires a breach of a fiduciary relationship or special trust. Similarly, they point out Plaintiff's claim for negligence requires a breach of a duty owed by Defendants. Defendants maintain the only relationship on which such claims can be based is the relationship between VSO and individual donors. Texas courts, however, recognize the existence of a common law relationship between the State and charitable corporations. See Blocker v. State, 718 S.W.2d 409, 416 (Tex.App.–Houston [1st Dist.] 1986, writ ref'd n.r.e) (agreeing "[b]y their very incorporation for purely charitable and benevolent purposes [charitable corporations] have made a contract with the State and with the beneficiaries named in the charters"). See also Hill v. Lower Col. River Auth., 568 S.W.2d 473, 478 (Tex.Civ. App.–Austin 1978, writ ref'd n.r.e.) (public charity trust properly protected by attorney general, such being a "function belonging to his office under the Constitution and laws of the state."). Defendants have not, therefore, shown Texas is not the real party in interest as to common law claims based on a breach of a fiduciary relationship or duty.

Defendants also rely on the decision in Hood ex rel. Mississippi v. Bristol–Myers Squibb Company., 2013 WL 3280267 (N.D.Miss. June 27, 2013). In Hood, the district court concluded individual Mississippi residents were the real parties in interest in a case brought by the Mississippi Attorney General alleging the defendant drug manufacturers unfairly, falsely, and deceptively labeled and promoted a prescription drug to consumers and healthcare providers. Defendants urge this Court to adopt the same analysis, contending the claims in Hood were remarkably similar to those being made in this case.

As Plaintiff points out, the decision is not binding authority. More to the point, the Court disagrees that the claims in *Hood* are remarkably similar. Although the claims involved alleged misrepresentations, the defendants were not a charitable organization. In addition, the claims were brought pursuant to the Mississippi Consumer Protection Act ("MCPA"). In examining whether the Mississippi was the real party in interest, the district court in *Hood* focused on the language of the MCPA and the remedies available thereunder. As this case involves not just Texas' equivalent statute, the DTPA, but also other provisions of Texas statutes, as well as the common law, the Court does not find the decision in *Hood* particularly instructive.

Finally, as set forth above the presence of a sovereign state cannot be treated as a nullity unless it is solely a nominal party. *Union Oil,* 458 F.3d at 367 (because "the State of Louisiana is a real party in interest in this suit" its presence "defeats diversity jurisdiction."). Defendants do not disagree the Attorney General is authorized to bring claims based on violations of statutory duties imposed on a nonprofit corporation under the Texas Business Organizations and Occupations Codes. Because Texas is the real party in interest in such claims, its presence in this lawsuit is not merely as a nominal party. Accordingly, diversity jurisdiction is defeated and this action is properly remanded.

## V. CONCLUSION

The Court hereby **DENIES** Defendants' Motion for Leave to Amend Notice of Removal (Clerk's Dkt. # 4) as futile and hereby **GRANTS** Plaintiff's Motion to Remand (Clerk's Dkt. # 9).

**IT IS THEREFORE ORDERED** that this cause is **REMANDED** to the 53rd Judicial District Court of Travis County, Texas.