# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 28, 2021

Lyle W. Cayce
Clerk

No. 21-60148

Nathan Kendricks; Robert Thompson,

*Plaintiffs—Appellants*,

*versus*

Nissan Motor Company, Limited; Nissan North America Corporation; Kia of Meridian,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:20-CV-597

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:*

Proceeding *pro se*, Plaintiffs-Appellants Robert Thompson and Nathan Kendricks ("Appellants") appeal the district court's dismissal of their claims for lack of subject-matter jurisdiction. We affirm.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60148

In 2017, Thompson rear-ended Kendricks. Believing that a defective airbag in Thompson's Nissan Versa was to blame, the pair sued two Nissan entities ("Nissan") and a Mississippi dealership ("the dealership") in federal court, relying on diversity jurisdiction.[1] As Appellants acknowledge, however, the dealership is a citizen of Mississippi. As are they. Concluding that this divested it of subject-matter jurisdiction, the district court granted the defendants-appellees' Rule 12(b)(1) motions and dismissed the case, without prejudice to the filing of another suit in state court.

We review de novo a Rule 12(b)(1) dismissal.[2] The party asserting jurisdiction has the burden of proving it by a preponderance of the evidence.[3] With one relevant exception, explained below, diversity jurisdiction "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side."[4] Appellants have failed to demonstrate that this exception applies.

Appellants offer two arguments on appeal. First, claiming that they "improperly joined" the dealership, appellants suggest that the district court should have dismissed the dealership from the case and asked them "if they didn't want to omit the non-diverse party and thus avoid dismissal." In other words, Appellants claim the district court "erred by not offering [them] time to amend the Complaint to eliminate [the dealership] and achieve complete diversity."

---

[1] Appellants reference 28 U.S.C. § 1331, the federal question statute, in their brief on appeal. But that brief only contends that the district court erred in not finding diversity jurisdiction, not that federal question jurisdiction exists.

[2] *Mitchell v. Bailey*, 982 F.3d 937, 940 (5th Cir. 2020).

[3] *Id.*

[4] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004)).

Appellants, however, failed to seek leave to amend their complaint to drop the dealership. Neither did they contend in the district court that they had "improperly joined" the dealership. "If an argument is not raised to such a degree that the district court has an opportunity to rule on it, we will not address it on appeal."[5] This rule applies to parties proceeding *pro se*.[6] And even if the argument was preserved, a party's *pro se* status does not oblige a district court to grant leave to amend when amendment is not requested.[7]

Next, Appellants claim that only the Nissan entities were "real parties in interest," making the dealership's citizenship irrelevant to the diversity analysis. While this argument was not made before the district court, Appellants claim it is "tantamount" to their argument in response to the dealership's motion to dismiss that Nissan was the dealership's 'nerve center.' We disagree. In the trial court, Appellants contended that jurisdiction existed because the dealership was "part of" Nissan's "stream of commerce." But they abandon that argument on appeal, claiming instead that the dealership is only a nominal party. As that argument was not made before the district court, we will not address it on appeal.

Moreover, even if the argument had been preserved, it would not carry the day. Again, diversity jurisdiction usually requires "complete"

---

[5] *F.D.I.C. v. Mijalis*, 15 F.3d 1314, 1327 (5th Cir. 1994).

[6] *See, e.g.*, *Bradford v. Cellxion LLC*, 269 F. App'x 508, 510 (5th Cir. 2008) (per curiam).

[7] *See, e.g.*, *Whitfield v. TDCJ Offs.*, 20 F.3d 466, 466 (5th Cir. 1994) (per curiam); *Lundahl v. Hawkins*, 407 F. App'x 777, 778 (5th Cir. 2011) (per curiam); *see also Vanderwall v. Peck*, 129 F. App'x 89, 91 (5th Cir. 2005) (per curiam). In support of this contention, Appellants cite *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305 (5th Cir. 2002). But in *Great Plains* we affirmed dismissal on the pleadings, notwithstanding a "narrow assertion" that the "plaintiffs should be given the opportunity to amend their Complaint." *Id.* at 330 (quotation marks omitted).

diversity of parties.[8] But, in examining diversity, "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy."[9] This frequently occurs when "a named party's role in the law suit is that of a depositary or shareholder."[10] We have also stated that if, in a party's absence, a court "can [nonetheless] enter a final judgment consistent with equity and good conscience," such party may be deemed to be nominal.[11] Appellants explain that their "claim against [the dealership] arose from the fact that [it] sold the vehicle to Thompson." This means that the dealership's role in the suit is not that of a depository or shareholder. And, acting in good conscience, a court could hardly enter final judgment against the dealership in its absence. That is because it is a real party in interest to the suit.

AFFIRMED.

---

[8] *Harvey*, 542 F.3d at 1079.

[9] *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003).

[10] *Louisiana v. Union Oil Co. of Cal.*, 458 F.3d 364, 367 (5th Cir. 2006) (internal quotation marks omitted).

[11] *Id.* at 366 (quoting *Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, 379 (5th Cir. 2006)).