# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 15, 2008

Charles R. Fulbruge III
Clerk

No. 07-31106

ALICE GLINDA HARVEY,
Individually on behalf of her deceased
husband, Robert Joe Harvey and their
children, Tanya Gros and Tammy
Smith,

                                        Plaintiff-Appellee,

v.

GREY WOLF DRILLING COMPANY,

                                        Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana

Before GARZA and ELROD, Circuit Judges, and HICKS, District Judge.[1]
HICKS, District Judge.

   This appeal presents an issue of first impression in this circuit: whether, for purposes of federal diversity jurisdiction, a limited liability company ("LLC") is a citizen of the state where it is organized or is a citizen of the states of which its members are citizens. The district court held that 28 U.S.C. § 1332(c), which governs citizenship for corporations, should be interpreted to include LLCs such

---

[1]District Judge of the Western District of Louisiana, sitting by designation.

that LLCs would share the characteristics of a corporation for purposes of diversity analysis. Based on this approach, the district court held that complete diversity was lacking. Appellant Grey Wolf Drilling Company L.P. ("Grey Wolf") appeals the district court's dismissal of the case for lack of subject matter jurisdiction. We reverse.

## I. BACKGROUND

On December 26, 2004, Robert Joe Harvey ("Harvey") was working at a land-based rig owned by Grey Wolf Drilling Company L.P. when he allegedly fell after slipping on ice and/or snow that had accumulated on the drilling rig location boards. After the slip and fall, Harvey was taken to the hospital. He was released a few hours later and returned to the drilling rig location. Later that evening, his condition appeared to worsen and the crew summoned emergency medical services and transportation for Harvey. Harvey was again transported to the hospital, where he was pronounced dead during the early morning hours of December 27, 2004. The cause of death was a ruptured aortic aneurysm.

On July 21, 2005, Harvey's surviving spouse, Alice Glinda Harvey, and his two adult daughters, Tanya Gros and Tammy Smith, filed suit against Grey Wolf[2] in the Eastern District of Louisiana, on the jurisdictional grounds of diversity of citizenship. The complaint alleged that the abdominal aortic aneurysm from which Harvey died was the result of his alleged fall, an accident which they claim was caused by Grey Wolf's negligence. The plaintiffs-appellees later filed an amended complaint, adding James A. Whitson, Jr. ("Whitson") as

---

[2]The plaintiffs originally named as a defendant Grey Wolf Drilling Company, who answered as Grey Wolf Drilling Company, L.P., its proper name.

a defendant.

Alice Glinda Harvey, Tanya Gros, and Tammy Smith are all citizens of the State of Louisiana. Whitson is a citizen of Texas. Grey Wolf is a Texas limited partnership with two members: (1) Grey Wolf Holdings Company, a Nevada corporation with its principal place of business in Texas; and (2) Grey Wolf L.L.C., a limited liability company organized in Louisiana and comprised of one member, Grey Wolf Holdings Company.

On August 14, 2007, Grey Wolf moved for summary judgment, seeking dismissal of all claims. In September 2007, the district court judge conducted a telephone status conference with all counsel and discussed, among other things, the court's subject matter jurisdiction. The parties were directed to file memoranda addressing the court's subject matter jurisdiction and Grey Wolf was ordered to provide affirmative proof of its citizenship. The parties complied with the district court's order, all arguing in favor of a finding of complete diversity and a rule that determines a LLC's citizenship by the citizenship of its members only, not the LLC's state of organization and principal place of business.

On November 7, 2007, the district court entered an Order and Reasons dismissing the case for lack of subject matter jurisdiction. The district court relied almost entirely on the reasoning of a law review article, which addressed the issue of determining a LLC's citizenship for purposes of diversity jurisdiction. See Debra R. Cohen, Limited Liability Company Citizenship: Reconsidering An Illogical and Inconsistent Choice, 90 Marq.L.Rev. 269 (2006). The district court adopted the author's conclusion that "28 U.S.C. § 1332(c) should be read 'dynamically' and 'interpreted to include the LLC, an organization created after that statute was adopted and sharing the entity characteristics that are relevant to a diversity analysis.'" Based on this rationale,

3

the district court determined that complete diversity was lacking.

Before this court, Grey Wolf argues that the district court erred in treating Grey Wolf L.L.C. as a corporation and deeming it to be a citizen of Louisiana, its state of organization. Appellees join Grey Wolf's argument, not only adopting the brief filed on behalf of Grey Wolf, but also stating that their interests are identical to those of Grey Wolf.

## II. DISCUSSION

### A. Standard of Review

This court reviews subject matter jurisdiction de novo as a question of law. See Gandy Nursery, Inc. v. U.S., 318 F.3d 631, 636 (5th Cir. 2003) (citing In re Canion, 196 F.3d 579, 584 (5th Cir.2002)).

### B. Subject Matter Jurisdiction

In Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806), the Supreme Court established the rule of complete diversity for cases arising under 28 U.S.C. § 1332. See McLaughlin v. Mississippi Power Co., 376 F.3d 344, 353 (5th Cir 2004). Complete diversity "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." Id. (citing Harrison v. Prather, 404 F.2d 267, 272 (5th Cir.1968)).

Again, the plaintiffs are Louisiana citizens and the individual defendant, Whitson, is a Texas citizen. Thus, the citizenship of Grey Wolf determines complete diversity. Grey Wolf is a Texas limited partnership with two members: (1) Grey Wolf Holdings Company, a Nevada corporation with its principal place of business in Texas; and (2) Grey Wolf L.L.C., a limited liability company organized in Louisiana whose sole member is Grey Wolf Holdings Company. The citizenship of a limited partnership is based upon the citizenship of each of

its partners. See Carden v. Arkoma Assocs., 494 U.S. 185, 195-96, 110 S.Ct. 1015, 1021-22 (1990) (holding that the citizenship of an unincorporated entity or association, such as a partnership, is based upon the citizenship of each of its members). Grey Wolf's first partner, Grey Wolf Holdings Company, is a citizen of both Nevada and Texas. See 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."). The citizenship of Grey Wolf's second partner, Grey Wolf L.L.C., is less clear.

Neither the Supreme Court nor this circuit have previously addressed the question of how to determine the citizenship of a LLC for purposes of diversity jurisdiction. See Unity Commc'ns, Inc. v. Unity Commc'ns of Colo. LLC, 105 Fed.Appx. 546, 547 n.1 (5th Cir. 2004) ("We express no opinion about whether or not the district court's holding regarding the citizenship of limited liability companies is the proper interpretation of the law."). All federal appellate courts that have addressed the issue have reached the same conclusion: like limited partnerships and other unincorporated associations or entities, the citizenship of a LLC is determined by the citizenship of all of its members. See Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51 (1st Cir. 2006); Handelsman v. Bedford Village Assocs. Ltd. P'ship, 213 F.3d 48 (2nd Cir. 2000); Gen. Tech. Applications, Inc. v. Exro Ltda, 388 F.3d 114 (4th Cir. 2004); Homfeld II, L.L.C. v. Comair Holdings, Inc., 53 Fed.Appx. 731 (6th Cir. 2002); Wise v. Wachovia Securities, LLC, 450 F.3d 265 (7th Cir. 2006); GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc., 357 F.3d 827 (8th Cir. 2004); Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894 (9th Cir. 2006); Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020 (11th

Cir. 2004). We now join the other circuits in this holding.

The Supreme Court has not specifically addressed the citizenship of a LLC, but has stated that "[w]hile the rule regarding the treatment of corporations as 'citizens' has become firmly established, we have . . . just as firmly resisted extending that treatment to other entities." Carden, 494 U.S. at 189, 110 S.Ct. at 1018. The Court has refused to treat unincorporated associations as corporations for diversity purposes. In Great Southern Fire Proof Hotel Co. v. Jones, 177 U.S. 449, 20 S.Ct. 690 (1900), the Court reasoned:

> That a limited partnership association created under the Pennsylvania statute may be described as a "quasi corporation," having some of the characteristics of a corporation, or as a "new artificial person," is not a sufficient reason for regarding it as a corporation within the jurisdictional rule heretofore adverted to. That rule must not be extended. We are unwilling to extend it so as to embrace partnership associations.

Id. at 457, 20 S.Ct. at 693. The district court's rationale and ultimate holding are not reconcilable with the aforementioned Supreme Court jurisprudence.

The district court's holding is also unsupported by statutory language and interpretation. The plain language of Section § 1332(c)(1) is simply not applicable to unincorporated associations. Additionally, in the limited context of class actions, Congress has created a statutory exception to Carden's rule of citizenship for unincorporated associations. See 28 U.S.C. § 1332(d)(10) ("For purposes of this subsection and section 1453, an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized."). Congress has made no similar exception in any other area of the general diversity jurisdiction statute. Finally, the Louisiana statute defining a LLC explicitly provides that a LLC "is an

unincorporated association" and that no LLC "shall be deemed, described as, or referred to as . . . [a] corporation." Louisiana Revised Statutes §12:1301(a)(10).

Supreme Court precedent, case law from other circuits, and the statutory language of both Section 1332 and Louisiana Revised Statutes §12:1301(a)(10) overwhelmingly support the position that a LLC should not be treated as a corporation for purposes of diversity jurisdiction. Rather, the citizenship of a LLC is determined by the citizenship of all of its members. Under this approach, Grey Wolf is a citizen of Nevada and Texas, not Louisiana, resulting in complete diversity. Accordingly, the district court's dismissal of the case for lack of subject matter jurisdiction is reversed.

## III. CONCLUSION

The order of the district court dismissing this case for lack of subject matter jurisdiction is REVERSED and this case is REMANDED for further proceedings.