# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20532

United States Court of Appeals
Fifth Circuit

**FILED**

June 29, 2015

Lyle W. Cayce
Clerk

BANK OF AMERICA, N.A.,

Plaintiff – Appellee,

v.

FULCRUM ENTERPRISES, LLC,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-313

Before STEWART, Chief Judge, HAYNES, Circuit Judge, and BROWN, District Judge.*

PER CURIAM:**

This case is before this court on Fulcrum Enterprises, LLC's appeal of the district court's judgment. In the district court, Plaintiff asserted jurisdiction based upon diversity of citizenship, which was not challenged. On appeal, we raised, sua sponte, the question of subject matter jurisdiction.

The citizenship of a limited liability company "is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d

---

\* District Judge of the Eastern District of Louisiana, sitting by designation.

\** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20532

1077, 1079–80 (5th Cir. 2008). The original and amended complaints in this suit identify Fulcrum as "a limited liability company organized and existing under the laws of the State of Nevada." However, the record contains no mention of Fulcrum's members, let alone their respective states of citizenship. Under *Harvey*, these allegations are facially insufficient to establish the existence of diversity jurisdiction.

Following supplemental briefing and discussion at oral argument, and pursuant to 28 U.S.C. § 1653, which allows amendment of jurisdictional allegations on appeal, we requested that Fulcrum identify the state(s) of citizenship of each of its members. In its response to our request, Fulcrum alleges, for the first time, that its members when this suit was filed were citizens of Georgia, Nevada, New York, and North Carolina. Notably, this allegation conflicts with Fulcrum's previous assertions that it is a Nevada citizen. If Fulcrum's allegation is true, diversity jurisdiction does not exist because Plaintiff-Appellee Bank of America, N.A. is also a citizen of North Carolina.

This Court has permitted direct amendments to pleadings on appeal only when "our discretionary examination of the record as a whole discloses at least a substantial likelihood that jurisdiction exists...." *Nadler v. Am. Motors Sales Corp.*, 764 F.2d 409, 413 (5th Cir. 1985) (granting leave to amend because allegations regarding the plaintiffs' state of "residence" suggested where they resided for diversity purposes, and deposition testimony in the record indicated that the defendant corporation was incorporated in a different state); *see also, e.g., Carlton v. Baww, Inc.*, 751 F.2d 781, 789 (5th Cir. 1985) (allowing amendment on appeal when the record plainly reflected that jurisdiction existed). Here, we find no evidence in the record, and Fulcrum has cited none, supporting Fulcrum's recent assertion that it is a citizen of North Carolina. In light of this situation, Bank

2

No. 14-20532

of America has requested remand for the limited purpose of discovery on this issue.

Under these circumstances, the appropriate course is to remand the case to the district court for amendment of the jurisdictional allegations, supplementation of the record (if necessary), a hearing (if necessary), and findings by the district court on the citizenship of the parties. *See Molett v. Penrod Drilling Co.*, 872 F.2d 1221, 1227-29 (5th Cir. 1989) (per curiam); *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889-90 & n. 2 (5th Cir. 1984) (per curiam). If the district court concludes that diversity jurisdiction does not exist, it should vacate the judgment and so notify this court.

## Conclusion

We therefore REMAND this case in full to the district court. The Clerk of this court shall provide the district court with copies of our April 29, 2015 and June 4, 2015 requests, the parties' letter responses, and this opinion. We will retain the record in this court unless it is requested by the district court. If the district court concludes that it has diversity jurisdiction, the Clerk of the district court shall promptly supplement the appellate record with copies of the new filings below and the district court's opinion on jurisdiction and forward the supplemental record to this court. The parties will be required to file a new notice of appeal (and cross-appeal, if necessary) covering the entire case. However, no further briefing will be necessary unless a party elects to appeal the district court's finding of jurisdiction, in which case supplemental letter briefs may be filed addressing this issue on a short briefing schedule to be established by the Clerk of this court. The case will be returned to this panel for disposition.

REMANDED.

3