**Fan GU, Plaintiff-Appellant**

v.

**INVISTA S.A.R.L., Defendant-Appellee**

**No. 16-20463**
**Summary Calendar**

United States Court of Appeals,
Fifth Circuit.

Filed March 20, 2017

Fan Gu, Pro Se

Shauna Johnson Clark, Esq., Heather Lynn Sherrod, Norton Rose Fulbright US, L.L.P., Houston, TX, for Defendant-Appellee

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge: *

Plaintiff-Appellant Fan Gu appeals from the district court's decision granting Defendant-Appellee INVISTA S.a.r.l. summary judgment on Gu's Texas Labor Code age discrimination claim. We AFFIRM.

I.

We begin, as we must, by examining our jurisdiction. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). INVISTA removed this case to district court, invoking diversity jurisdiction under 28 U.S.C. § 1332. District courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1). The amount in controversy requirement is satisfied here. Likewise, the diversity of citizenship requirement is satisfied. Gu is a citizen of Texas. A corporation is deemed to be a citizen of both any state in which it has been incorporated and any state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). By contrast, a limited liability company is a citizen of each state where its partners and members are citizens. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). INVISTA is neither; instead, it is a European business entity known as a société à responsabilité limitée, or S.a.r.l. But under either the corporation test or the limited liability company test, INVISTA is a citizen of Luxenberg and Kansas. According-

ly, we agree with the district court that it had jurisdiction.

We reject Gu's argument to the contrary. Gu contends that INVISTA's principal place of business is in Texas (and therefore, it is a citizen of Texas) because it has a manufacturing plant in La Porte, Texas. "[T]he phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80–81, 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010). Here, although some decisions (such as local staffing decisions) are made at INVISTA's manufacturing plant in Texas, all record evidence indicates that INVISTA's principal place of business is in Kansas.

II.

Gu claims that INVISTA unlawfully discriminated against him on the basis of age, in violation of the Texas Labor Code, when INVISTA terminated Gu's employment. The Texas Labor Code provides that "[a]n employer commits an unlawful employment practice if because of race, color, disability, religion, sex, national origin, or age the employer .... fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment[.]" Tex. Labor Code § 21.051. "Texas courts apply the familiar *McDonnell Douglas* burden-shifting framework to age-discrimination claims" under the Texas Labor Code. *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 439 (5th Cir. 2012).

Under the *McDonnell Douglas* analysis, a plaintiff is entitled to a presumption

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of discrimination if he can meet the minimal initial burden of establishing a *prima facie* case. Although the precise elements of this showing will vary depending on the circumstances, the plaintiff's burden at this stage of the case is not onerous. Upon a showing of a *prima facie* case, the burden shifts to the employer to show a legitimate, nonretaliatory reason for the adverse employment action. If the employer meets its burden, then the burden shifts back to the plaintiff to make an ultimate showing of intentional discrimination.

*Id.* (internal quotation marks and citations omitted). The district court assumed a prima facie case but nonetheless found that Gu failed to rebut INVISTA's non-discriminatory reason for the adverse employment action. We agree.

INVISTA claims that it fired Gu because of his poor job performance, failure to complete his action items to improve his performance, and poor attitude. These bases are well supported by the record and are legitimate and non-discriminatory. *See Walcott v. Tex. So. Univ.*, No. 01-12-00355-CV, 2013 WL 593488, at *7 (Tex. App.—Houston [1st Dist.] Feb. 14, 2013, no pet.) ("An employee's poor job performance is a legitimate, non-discriminatory reason for discharge."); *see also LeMaire v. Louisiana*, 480 F.3d 383, 391 (5th Cir. 2007) (same).

Gu disagrees with INVISTA's assessment of his performance. But Gu's subjective disagreement does not create a genuine issue of material fact that INVISTA's reasons were pretextual. *See, e.g., Amezquita v. Beneficial Tex., Inc.*, 264 Fed.Appx. 379, 386 (5th Cir. 2008) (unpublished) ("Whether [the employer was] wrong to believe that [the employee] was lying, though, is irrelevant, as even an employer's incorrect belief in the underlying facts—or an improper decision based on those facts—can constitute a legitimate, nondiscriminatory reason for termination."); *Bryant v. Compass Grp. USA Inc.*, 413 F.3d 471, 478 (5th Cir. 2005) ("While the prudent action may have been to discuss the event with Bryant and obtain his side of the story before terminating him, evidence that the employer's investigation merely came to an incorrect conclusion does not establish a racial motivation behind an adverse employment decision. Management does not have to make proper decisions, only non-discriminatory ones."). Accordingly, we agree with the district court that Gu has failed to create a genuine issue of material fact as to whether INVISTA unlawfully discriminated.

### III.

Finding no error in the district court's opinion, we AFFIRM.