# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 2, 2021

Lyle W. Cayce
Clerk

No. 20-40427

James George,

*Plaintiff—Appellant*,

*versus*

SI Group, Incorporated, *doing business as* Schenectady International, Incorporated; Evergreen Tank Solutions, Incorporated; Bulk Tank International; Brenner Tank Services, L.L.C.; Walker Group Holdings, L.L.C.; Bulk Solutions, L.L.C.,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:16-CV-360

Before Jolly, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

James George suffered severe burns when one "leg" of the landing gear on a tanker-trailer detached from its tractor, sunk into a gravel surface, and caused the tanker-trailer, filled with scalding water, to tip over and to

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

spill its contents on him.  George originally sued in Texas state court.  In the operative complaint, he alleged a premises-defect claim against the owner of the property, SI Group, Inc. d/b/a Schenectady International, Inc. ("SI Group") and products-liability claims against Bulk Tank International, Bulk Solutions, L.L.C. ("Bulk Solutions"), Brenner Tank Services, L.L.C. ("Brenner Tank"), and Evergreen Tank Solutions, Inc. ("Evergreen").

SI Group removed the case to the Southern District of Texas based on diversity jurisdiction on December 21, 2016.  George sought remand, but the district court denied his motion.  Bulk Solutions, Brenner Tank, and Evergreen then moved to dismiss the complaint for failure to state a claim under Rule 12(b)(6).[2]  The district court granted the motions.  Later, the district court granted summary judgment dismissing the premises-defect claim against SI Group.  George timely appealed, challenging both the Rule 12(b)(6) dismissal and the summary-judgment dismissal.

It is elemental that we must have subject matter jurisdiction to consider this appeal.  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001); *Nat'l Football League Players Ass'n v. Nat'l Football League*, 874 F.3d 222, 225 (5th Cir. 2017) (explaining that the Court "must examine jurisdiction whenever subject matter jurisdiction appears fairly in doubt" (quotation omitted)).  When removing the case from state court, SI Group asserted jurisdiction based upon diversity of citizenship.  For federal courts to have jurisdiction under diversity, there must be complete diversity of citizenship between the parties and the amount in controversy must exceed $75,000.  *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013).  Citizenship for an individual is synonymous with the person's domicile; for a corporation, it is that of the state in which it is incorporated and the state

---

[2] Bulk Tank International did not answer or otherwise respond to the complaint.

No. 20-40427

where it has its principal place of business; for an L.L.C., it is that of any state where its members are citizens. *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 n.6 (5th Cir. 2009).

Appellees bear the burden of establishing jurisdiction because they removed this case to federal court. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside [federal courts'] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." (citation omitted)). Because this appeal comes after summary-judgment proceedings, appellees must show complete diversity with competent summary-judgment evidence, *see MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313–15 & n.* (5th Cir. 2019), or with evidence that is judicially noticeable under Federal Rule of Evidence 201(b). "The jurisdictional facts that support removal must be judged at the time of the removal," *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000), which in this case is December 21, 2016.

On appeal, it was initially unclear whether there was complete diversity of citizenship between all parties in these proceedings. Accordingly, we requested supplemental briefing on this issue. In response to our request, all parties filed supplemental letter briefs. George's letter brief asserts that appellees failed to meet their burden to show complete diversity between the parties, but because there is some reason to believe jurisdiction exists, requests that this Court remand the case to the district court to supplement the record with jurisdictional evidence. Evergreen's letter brief, which was adopted and joined by all other appellees, argues that this Court has jurisdiction because there is complete diversity between the parties. In support of its argument, Evergreen attached fifteen exhibits to its letter brief that were not included in the record on appeal. It asserts that the Court may nonetheless consider the attached exhibits because they are all

judicially noticeable.  We accept that George is a Texas citizen inasmuch as both George and appellees acknowledge that he is, but appellees have nonetheless failed to clearly show, with competent summary-judgment evidence or facts that we may judicially notice, that jurisdiction exists with respect to Walker Group Holdings, L.L.C. ("Walker") and Brenner Tank.

We first consider jurisdiction as it relates to Walker.  According to a Certificate of Amendment Walker filed with the Texas Secretary of State in 2015, Walker's sole member is Wabash National, LP ("Wabash").[3]  Thus, Walker's citizenship is tied to Wabash's citizenship, and Wabash is a citizen of every state in which one of its partners is a citizen.  *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) ("The citizenship of a limited partnership is based upon the citizenship of each of its partners."). Evergreen asserts that Wabash has two partners: Wabash National Trailer Centers, Inc. and Wabash National Corporation.  Evergreen offers two items in support of this assertion: (1) a 2015 declaration of Erin J. Roth, the Senior Vice President General Counsel for Wabash National Corporation and the Secretary of Wabash National Corporation and Wabash National Trailer Centers, Inc., filed in a different case in the District of Kansas, and (2) Walker's First Supplemental Corporate Disclosure Statement.  We will address each in turn.

First, Evergreen points to the 2015 declaration of Erin J. Roth attached to its supplemental letter brief.  Ms. Roth's declaration, however, is not a part

---

[3] The Court takes judicial notice of the facts contained within the Certificate of Amendment as they are "not subject to reasonable dispute because [they] . . . can be accurately and readily determined from [a source] whose accuracy cannot reasonably be questioned."  *See* Fed. R. Evid. 201(b); *Swindol v. Aurora Flight Scis. Corp.*, 805 F.3d 516, 518–19 (5th Cir. 2015) (taking judicial notice of "public records contained on the Mississippi Secretary of State's and the Virginia State Corporation Commission's websites").

of the record in this case; it is from an entirely different litigation in the District of Kansas. Moreover, the declaration's content is not a "fact that is not subject to reasonable dispute [that] . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b); *cf. Swindol*, 805 F.3d at 518–19 (taking judicial notice of an encyclopedia entry and of public records on state websites). This effort is of the same sort that we forbade in *MidCap*. 929 F.3d at 315–16 (explaining that "MidCap asks us to consider new exhibits attached to its supplemental briefing that include declarations claiming Jeff and Joe are Texas and Georgia citizens respectively" and holding "it would be improper" to do so). Consequently, we do not take judicial notice of Ms. Roth's declaration.

Second, Evergreen points to Walker's First Supplemental Corporate Disclosure Statement, which claims that Wabash National "is a Delaware partnership that is owned by two partners: Wabash National Trailer Centers, Inc. and Wabash National Corporation." This statement, however, was made at the pleadings stage and is only Walker's unsupported claim about its citizenship. Walker's statement does little more than repeat the same conclusory and general jurisdictional statement SI Group gave in its initial notice of removal. *See Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) (explaining, in the less burdensome motion-to-dismiss context and in a case where the plaintiff had invoked federal jurisdiction, that "[i]n evaluating jurisdiction, the district court must resolve disputed facts without giving a presumption of truthfulness to the plaintiff's allegations"). Walker's single bare assertion of its own citizenship at the pleadings stage is not enough to clearly establish jurisdiction following summary judgment proceedings. *See MidCap*, 929 F.3d at 315. Because appellees have failed to establish Wabash's citizenship, they have failed to establish Walker's citizenship.

No. 20-40427

Now, Brenner Tank. According to Brenner's 2016 Texas Franchise Tax Public Information Report,[4] it has one member, Brenner Tank L.L.C. Thus, like Walker, Brenner Tank's citizenship is tied to Brenner Tank L.L.C.'s citizenship, and Brenner Tank L.L.C. is a citizen of every state in which one of its members is a citizen. *See Harvey*, 542 F.3d at 1079. Evergreen claims that Brenner Tank L.L.C.'s sole member is Walker. In support of this assertion, Evergreen points to an affidavit of Cheryl L. Seip, a Senior Paralegal for Wabash National Corporation, from a different litigation in the District of New Jersey, and SI Group's removal papers. The Court, however, will not take judicial notice of Ms. Seip's affidavit from a different case, *see MidCap*, 929 F.3d at 315–16, and SI Group's removal papers alone are insufficient at the summary judgment stage, *see Vantage Trailers, Inc.*, 567 F.3d at 748. Because appellees have failed to establish Brenner Tank L.L.C.'s citizenship, they have failed to establish Brenner Tank's citizenship.

Appellees have failed to show clearly that jurisdiction exists with respect to Walker Group Holdings, L.L.C. and Brenner Tank Services, L.L.C. But, as we have noted earlier in this opinion, appellees have proffered some evidence to suggest that jurisdiction does exist. Under these circumstances—"[w]here . . . jurisdiction is not clear from the record, but there is some reason to believe that jurisdiction exists, the Court may remand the case to the district court for amendment of the allegations and for the record to be supplemented." *Molett v. Penrod Drilling Co.*, 872 F.2d 1221, 1228 (5th Cir. 1989) (per curiam). We will do so here.

Accordingly, we ORDER a LIMITED REMAND to determine whether diversity jurisdiction exists. The Clerk of this Court shall provide

---

[4] As with Walker's Certificate of Amendment, the Court takes judicial notice of the facts contained within Brenner's 2016 Texas Franchise Tax Public Information Report. *See* FED. R. EVID. 201(b); *Swindol*, 805 F.3d at 518–19.

No. 20-40427

the district court with copies of our September 27, 2021 request for briefing, the parties' responses, and this opinion. We will retain the record unless it is requested by the district court. If the district court concludes that it has diversity jurisdiction, the Clerk of the district court shall promptly supplement the appellate record with copies of the new filings below and the district court's opinion on jurisdiction and forward the supplemental record to this Court. Upon return to this Court no further briefing will be necessary unless a party elects to appeal the district court's finding of jurisdiction, in which case supplemental letter briefs may be filed addressing this issue on a short briefing schedule to be established by the Clerk of this Court. The Clerk will return the case to this panel for disposition. If the district court concludes that it lacks jurisdiction, it should remand the case to the state court. Upon remand, the district court is requested to provide the Clerk of this Court with a copy of the remand order.