# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 13, 2025

Lyle W. Cayce
Clerk

———————

No. 24-20092

———————

ALL ABOUT PROPERTY, L.L.C.,

*Plaintiff—Appellant*,

*versus*

MIDLAND MORTGAGE, *a Division of MidFirst Bank*,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-1684

_____

Before GRAVES, ENGELHARDT, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

This appeal involves a dispute over a foreclosure. However, because Defendants failed to establish diversity of citizenship, we REMAND to the district court for the limited purpose of determining whether subject matter jurisdiction exists.

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-20092

## I.

In April 2022, Plaintiff-Appellant All About Property, L.L.C. ("AAP") filed this action against Appellant-Defendant Midland Mortgage ("MidFirst"); Defendant CitiMortgage, Inc. ("CitiMortgage"); and Defendant Mortgage Registration Systems, Inc. ("MERS") in state court. AAP asserted claims against Defendants for declaratory relief, quiet title, and equitable right of redemption—all arising under Texas state law. Defendants timely removed, alleging that this Court has diversity jurisdiction because there was complete diversity of citizenship among the parties and the amount in controversy exceeded $75,000. *See* 28 U.S.C. § 1332(a)(1). As the removing parties, Defendants have the burden of establishing subject matter jurisdiction. *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

In the Notice of Removal, the Defendants properly alleged that MidFirst is a citizen of Oklahoma. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006) (citing 28 U.S.C. § 1348) (holding that a national bank is a citizen of the state designated in its articles of association as housing its main office); *see also Espana v. Midfirst Bank*, No. 7:23-cv-00016, 2023 WL 1997117, at *1 (S.D. Tex. Feb. 14, 2023). Defendants also properly alleged that CitiMortgage is a citizen of New York and Missouri, and that MERS was a citizen of Delaware and Virginia. *See* 28 U.S.C. § 1332(c)(1) (establishing citizenship of corporation for purposes of § 1332 and 28 U.S.C. § 1441). However, because Defendants did not allege the citizenship of its members, they did not properly allege the citizenship of AAP. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (holding that a limited liability company is a citizen of each state in which its members are citizens). Rather, Defendants simply allege that AAP is a "limited liability company

2

No. 24-20092

operating in Houston, Harris County, Texas" and "a citizen of the State of Texas."

Despite this defect, the case proceeded. The district court granted CitiMortgage and MERS' Motions to Dismiss. The district court later denied AAP's Motion for Abstention and granted summary judgment on all claims in MidFirst's favor. This appeal ensued.

Recognizing that diversity jurisdiction had been improperly pleaded, we ordered the parties to submit letter briefs addressing the following questions:

> Does the Court have diversity jurisdiction over this case? Specifically, who were the members of Plaintiff-Appellant All About Property, L.L.C. at the time of filing and removal, and what were their members' citizenships? *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (holding that a limited liability company is a citizen of each state in which its members are citizens); *see also Ashford v. Aeroframe Servs., L.L.C.*, 907 F.3d 385, 386 (5th Cir. 2018).

## II.

In the letter briefs, the parties assert that (currently and at the time of removal)[1] the sole member of AAP was CH2 Holdings LP. The parties directed us to public records filed with the Texas Secretary of State from 2022, confirming AAP's citizenship. The parties further agree that at the relevant times CH2 Holdings LP's partners were CH2 Management, Inc. and Ramesh Arumugam. *See Harvey*, 542 F.3d at 1079 ("The citizenship of

---

[1] Contrary to the parties' framing, in this circuit, "diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court." *Ashford*, 907 F.3d at 386 (emphasis omitted) (citation omitted). However, a case may become removable "when the only nondiverse defendant is formally dropped from the suit." *Id.* at 387.

a limited partnership is based on the citizenship of each of its partners."). And the parties tell us Arumugam was a citizen of Texas, and CH2 Management, Inc. was a Delaware corporation with its principal place of business in Texas. AAP attached Ch2 Management, Inc.'s articles of incorporation, confirming that it is incorporated in Delaware. MidFirst further asserts that Arumugam's publicly-available divorce proceedings from 2022 confirm that he was a Texas citizen at the time.

However, while the parties agree as to the members of AAP and their citizenships, the parties disagree as to the implications. Specifically, AAP argues that because MERS and AAP were both citizens of Delaware, diversity jurisdiction was lacking at the time of removal and so the judgment should be vacated and the case dismissed. MidFirst disputes that diversity jurisdiction is lacking because it claims that MERS was a nominal party.

Regardless of whether Defendant MERS was a nominal party, whose citizenship we disregard when determining whether diversity of citizenship exists,[2] any potential jurisdictional defect was cured by MERS' dismissal prior to the entry of final judgment. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 73-77 (1996) (explaining that the dismissal of a nondiverse defendant prior to judgment can cure a jurisdictional defect, and "[t]o wipe out the adjudication postjudgment, and return to state court a case now satisfying all federal jurisdictional requirements, would impose an exorbitant cost on our dual court system, a cost incompatible with the fair and unprotracted administration of justice").

But even so, under *MidCap Media Finance, L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310 (5th Cir. 2019), a few problems remain relative to the citizenship of Plaintiff AAP. In *MidCap*, the parties appealed a breach of

---

[2] *Louisiana v. Union Oil Co. of Cal.*, 458 F.3d 364, 366 (5th Cir. 2006).

contract case that had been resolved by bench trial. *Id.* at 313. Prior to reaching the merits of the appeal, the panel discovered that the parties had not properly alleged diversity of citizenship of one defendant (an individual) and of the plaintiff (an LLC). *Id.* at 314. After receiving supplemental briefing, the panel ultimately concluded that remanding to the district court was appropriate. *Id.* 316. The panel explained that under 28 U.S.C. § 1653,[3] parties may amend defective jurisdictional allegations on appeal. *Id.* at 314. However, there is an important caveat: "§ 1653 allows us to 'overlook [a party's] failure to plead diversity *if* [a party] can identify allegations and evidence in the record demonstrating diversity.' If, on the other hand, 'there is *no* evidence of diversity on the record, we cannot find diversity jurisdiction, and we must dismiss the action for lack of jurisdiction.'" *Id.* (quoting *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919-20 (5th Cir. 2001)) (cleaned up). Further, "if there is *some* evidence that jurisdiction exists, but it's not conclusive . . . 'the Court may remand the case to the district court for amendment of the allegations and for the record to be supplemented.'" *Id.* at 315 (quoting *Molett v. Penrod Drilling Co.*, 872 F.2d 1221, 1228 (5th Cir. 1989)). Of course, the Court may also take "judicial notice of jurisdictional facts 'not subject to reasonable dispute' from certain sources such as public filings with state agencies." *Id.*

Even assuming the *MidCap* parties could cure the pleading defects in the individual defendant's citizenship based on evidence within the record, the panel explained that the members of the plaintiff LLC traced back to two individuals, and the record did not contain sufficient evidence of their citizenship. *Id.* Although the plaintiff LLC asked the panel to consider declarations (new on appeal) asserting the individuals' citizenship, the panel

---

[3] 28 U.S.C. § 1653 provides: "Deffective allegations of jurisdiction may be amended, upon terms, in the . . . appellate courts."

concluded that it could not accept new evidence of jurisdictional facts—at the very least not disputed declarations—on appeal. *Id.* at 316. Accordingly, the panel remanded to the district court for amendment of the jurisdictional allegations and supplementation of the record. *Id.*

We do the same. While public records confirm that Plaintiff AAP's only member is CH2 Holdings LP, the parties have not directed us to any public records or information within the record confirming the identity of the partners of CH2 Holdings LP. While we are told in the letter briefs that CH2 Holdings LP's partners are Arumugam and CH2 Management, Inc., the parties do not point to any evidence establishing that information. Under *MidCap*, this is reason enough to remand.

And even if Arumugam and CH2 Management, Inc. are the only partners of CH2 Holdings LP, we are unable to fully confirm their citizenships. Arumugam's divorce records are not easily accessible. And while AAP's enclosure proves that CH2 Management, Inc. is incorporated in Delaware, we are left with AAP's bare assertion that CH2 Management, Inc.'s principal place of business is in Texas. Again, under *MidCap*, this is insufficient. *Id.* at 315.

## III.

Although it is likely that diversity of citizenship exists, we cannot be certain based on the evidentiary record and accessible public records. Accordingly, we ORDER a limited remand to the district court to determine whether diversity jurisdiction exists. If the district court concludes that it has diversity jurisdiction, the case will be returned to this Court for disposition. No further briefing will be necessary unless a party elects to appeal the district court's finding of jurisdiction, in which case supplemental letter briefs may be filed addressing this issue on a short briefing schedule to be

No. 24-20092

established by the Clerk of this Court. If the district court concludes that it lacks jurisdiction, then it must vacate its judgment and dismiss the case.