# United States Court of Appeals for the Fifth Circuit

─────────────

No. 24-60605
Summary Calendar

─────────────

United States Court of Appeals
Fifth Circuit

**FILED**
July 30, 2025

Lyle W. Cayce
Clerk

University Mall, L.L.C.,

*Plaintiff—Appellee*,

*versus*

Ikechukwu Okorie,

*Defendant—Appellant*.

─────────────────────────────

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:24-CV-91

─────────────────────────────

Before King, Haynes, and Ho, *Circuit Judges*.

Per Curiam:[*]

After University Mall, L.L.C. (University Mall) purchased a property in Hattiesburg, Mississippi, at a foreclosure sale, Ikechukwu Okorie and his business failed to vacate the property. University Mall filed suit in state court under a Mississippi unlawful entry and detainer statute. *See* Miss. Code Ann. § 11-25-101. Okorie removed the case to federal court. After a bench

───────────────────────

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

trial, the district court awarded possession of the property to University Mall and ordered Okorie to pay costs and back rent. Okorie appeals the district court's judgment.

On appeal, Okorie first argues that the district court erred in determining that it had jurisdiction based on diversity of citizenship. This court must be satisfied "that we have jurisdiction before proceeding to the merits of the [appellant's] other challenges." *I F G Port Holdings, L.L.C. v. Lake Charles Harbor and Terminal Dist.*, 82 F.4th 402, 408 (5th Cir. 2023). Federal courts have jurisdiction over all civil actions where the amount in controversy exceeds $75,000, and the action is between, inter alia, citizens of different states. 28 U.S.C. § 1332(a). We review whether diversity jurisdiction exists de novo. *See I F G Port Holdings*, 82 F.4th at 408.

Although Okorie makes a conclusory argument that the district court failed to consider the proper domicile of the parties or the previous administrative dissolution of the limited liability companies he controlled, a review of the record shows that the district court discussed these issues extensively. Okorie has not identified any specific errors in the district court's findings and conclusions regarding jurisdiction. Based on our de novo review of the record, the district court correctly determined that the amount in controversy exceeded $75,000, that University Mall is a citizen of Mississippi, that Okorie is a citizen of Texas, and that, based on Okorie's citizenship, the limited liability companies associated with him also are citizens of Texas. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Thus, we conclude that diversity jurisdiction exists.

Next, Okorie argues that the district court failed to address the alleged invalidity of the foreclosure process, that he signed a 2021 loan reaffirmation under duress, and that the alleged irregularities in the foreclosure process denied him due process. However, he makes only conclusional claims and

does not describe any alleged errors in detail. Thus, Okorie has effectively forfeited these issues. *See Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Okorie also argues that the district court erred by granting summary judgment for University Mall without holding an evidentiary hearing. However, the district court did not enter a summary judgment; it ruled after holding an extensive bench trial. *See* Fed. R. Civ. P. 52(a)(1). Okorie also argues that the district court erred in its order by including a warning about the possibility of contempt sanctions if he failed to comply with the court's orders. As the state statute itself warns of the possibility of contempt sanctions for failure to comply, *see* Miss. Code Ann. § 11-25-113, and courts have inherent power to police the conduct of the parties that appear before them, we conclude the district court did not err.

Finally, we address a variety of pending motions. University Mall has moved to supplement the record. Okorie has moved to recuse the district court judge, for this court to take judicial notice of two title opinions, to file a supplemental reply brief, to file an amended supplemental reply brief, and to supplement the record. All of these motions are DENIED. Additionally, Okorie's motion for a stay of the garnishment of his Texas bank account(s) and Inland Family Practice's account pending appeal is DENIED as moot.

AFFIRMED; ALL PENDING MOTIONS DENIED.