# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 12, 2025

Lyle W. Cayce
Clerk

————————

No. 23-30741

————————

Baton Rouge Ventures, L.L.C.; Charal Baton Rouge,
L.L.C.,

*Plaintiffs—Appellants/Cross-Appellees*,

*versus*

Cedar Grove Capital, L.L.C.,

*Defendant—Appellee/Cross-Appellant*.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:20-CV-628

_____

Before Elrod, *Chief Judge*, and Wiener and Wilson, *Circuit Judges*.
Per Curiam:[*]

The parties to this appeal invoked federal subject-matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332. Because we are a court of "limited jurisdiction," we must first determine whether we have jurisdiction over the appeal. *Thompson v. Betts*, 754 F.2d 1243, 1245 (5th Cir. 1985).

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-30741

In July 2024, we held this appeal in abeyance and remanded the case to the district court for further consideration and findings regarding the parties' citizenship for purposes of diversity jurisdiction. *See Baton Rouge Ventures, LLC v. Cedar Grove Cap., LLC*, No. 23-30741, 2024 WL 3582650 (5th Cir. July 30, 2024). The district court made its findings and returned the case to us for further proceedings. *See Baton Rouge Ventures, LLC v. Cedar Grove Cap., LLC*, No. 20-628, 2025 WL 569654 (M.D. La. Feb. 20, 2025). With the district court's findings in mind, we now determine whether we have jurisdiction over this appeal.

For purposes of federal diversity jurisdiction, complete diversity "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). Where, as here, one or more of the parties is a limited liability company, "the citizenship of [the] LLC is determined by the citizenship of all of its members." *Id.* at 1080; *see Great S. Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 457 (1900) (for purposes of federal diversity jurisdiction, it is "necessary to set out the citizenship of the individual members" of a limited partnership). And where the members of an LLC are themselves LLCs, we must "further trac[e] their citizenships down the various organizational layers where necessary." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009).

The district court—on limited remand—determined that when this lawsuit was filed, an individual investor member of Plaintiff Baton Rouge Ventures, L.L.C. was a citizen of New York. It also determined that Defendant Cedar Grove Capital, L.L.C. had two individual members who, when the lawsuit was filed, were citizens of New York.

Because "there is clearly not complete diversity of citizenship between the parties . . ., jurisdiction cannot be sustained under 28 U.S.C.

2

§ 1332(a)." *Lewis v. Denison Indus. of Cal. Inc.*, 263 F.3d 161, 161 (5th Cir. 2001). We therefore "must dismiss the action for lack of jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 920 (5th Cir. 2001); *Lewis*, 263 F.3d at 161 ("Because the district court lacks federal subject-matter jurisdiction on the present state of the record, we must dismiss this appeal.").

This appeal is DISMISSED for lack of jurisdiction.