# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 10, 2025

Lyle W. Cayce
Clerk

—————————

No. 24-20535

—————————

Storey Mountain, L.L.C.,

*Plaintiff—Appellant*,

*versus*

JPMorgan Chase Bank, N.A.,

*Garnishee*,

Daniel J. Weldon, *Successor Trustee of* the Mary Katherine Weldon Trust,

*Appellee*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-MC-524

———————————————————

PUBLISHED ORDER

Before Wiener, Engelhardt, and Oldham, *Circuit Judges*.
Andrew S. Oldham, *Circuit Judge*:

Once again, a party invoking this court's diversity jurisdiction has failed to establish the citizenship of a limited liability company. 28 U.S.C. § 1332. Thus, we remand this case for jurisdictional discovery.

No. 24-20535

\*

This case concerns litigation that arose after settlor James W. Weldon, Jr., set up a several trusts for his children. In brief, Storey Mountain LLC ("Storey Mountain") is seeking to collect on a judgment against James's daughter Mary Katherine Weldon Mitchum by garnishing one trust that James set up. To accomplish this goal, Storey Mountain brought a garnishment action in federal court.

The claimed basis of subject matter jurisdiction over this case was diversity of citizenship under 28 U.S.C. § 1332. From the earliest days of our republic, a party seeking to invoke diversity jurisdiction must show that there is complete diversity of citizenship among the parties. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806). The complete diversity requirement means that "[e]ach plaintiff must be diverse from each defendant[.]" *In re Levy*, 52 F.4th 244, 246 (5th Cir. 2022) (per curiam). This court has long held that an LLC's citizenship is determined by the citizenship of its members. *See, e.g.*, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079–80 (5th Cir. 2008); *Settlement Funding, LLC v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017); *MidCap Media Fin., LLC v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019); *Acadian Diagnostic Lab'ys, LLC v. Quality Toxicology, LLC*, 965 F.3d 404, 408 n.1 (5th Cir. 2020); *All About Prop., L.L.C. v. Midland Mort.*, No. 24-20092, 2025 WL 1380066, at \*3 (5th Cir. May 13, 2025) (per curiam). Despite the long line of cases requiring parties to establish the citizenship of an LLC's members, this remains "an evergreen problem in our circuit." *Megalomedia Inc. v. Phila. Indem. Ins. Co.*, 115 F.4th 657, 659 (5th Cir. 2024).

The proof necessary to establish an LLC's citizenship varies with the procedural posture of the case. At the pleading stage, the party invoking this court's jurisdiction must allege the citizenship of each LLC's members. *Cf.*

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (explaining that standing "must be supported . . . with the manner and degree of evidence required at the successive stage of litigation."). But at no point may parties stipulate that diversity exists, just like they cannot stipulate to any other type of subject matter jurisdiction. *E.g.*, *J.A. Masters Invs. v. Beltramini*, 117 F.4th 321, 322 (5th Cir. 2024) (per curiam) (explaining that diversity stipulations are insufficient); *see also Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) ("[N]o action of the parties can confer subject-matter jurisdiction upon a federal court. Thus, the consent of the parties is irrelevant.").

Here, the writ of garnishment and related documents reveal that Storey Mountain LLC "is a limited liability company organized under the laws of Wyoming, with its principal place of business in Florida. For purposes of diversity, Garnishor is a citizen of Wyoming and Florida." ROA.11. These statements do not include any reference to the citizenship of the LLC's members. Thus, the documents that Storey Mountain filed in the district court were insufficient to invoke this court's diversity jurisdiction.

To be sure, parties may amend such defective jurisdictional statements on appeal if record evidence establishes these jurisdictional facts. *MidCap*, 929 F.3d at 314. But after filing supplemental briefing, the parties still failed to identify any materials indicative of the LLC's citizenship. At most, the letter briefs confirmed such materials did not exist—so, we cannot proceed to the merits. *See Beltramini*, 117 F.4th at 322.

Thus, a limited remand is appropriate. *See Molett v. Penrod Drilling Co.*, 872 F.2d 1221, 1228 (5th Cir. 1989) ("Where, as here, jurisdiction is not clear from the record, but there is some reason to believe that jurisdiction exists, the Court may remand the case to the district court for amendment of the allegations and for the record to be supplemented.").

No. 24-20535

\*

This case is REMANDED for jurisdictional discovery. This panel will retain jurisdiction pending any appeal. If the district court concludes that it has diversity jurisdiction, the case will be returned to this Court for disposition. No further notice of appeal or briefing will be necessary unless a party elects to appeal the district court's finding of jurisdiction, in which case supplemental letter briefs may be filed addressing this issue on a short briefing schedule to be established by the Clerk of this Court. If the district court concludes that it lacks jurisdiction, then it must vacate its judgment and dismiss the case.